IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| REZA VAFAIYAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-137 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY**
**PETITION FOR A WRIT OF HABEAS CORPUS**

On July 12, 2013, petitioner filed with this Court a petition for a writ of habeas corpus challenging prison disciplinary proceeding 20110356861, which occurred August 25, 2011. The disciplinary proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas petition was filed, petitioner remained incarcerated at the Clements Unit.

Prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). If a prisoner contends his unit of incarceration has deprived him of his liberty without due process of law, he may seek relief in federal court via a habeas corpus petition. *Wolff*, 418 at 557, 94 S.Ct. at 2975.

When the State of Texas created a right to good-time credit and recognized that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein became embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this

state-created right is not arbitrarily abrogated." *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). However, because federal habeas corpus is meant to redress the violation of a liberty interest, when it is brought in the context of a challenge to a prison disciplinary proceeding, the petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included a forfeiture of previously accrued good-time credits. *Id.* Otherwise, no liberty interests are implicated and any claims brought in habeas corpus are not cognizable.

The practical consequence of this rule is that a prisoner may not challenge in federal habeas corpus the loss of recreation or commissary privileges. *Sandin v. Conner*, 515 U.S. 474, 486, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995); *Madison v. Parker*, 104 F.3d 765, 765 (5th Cir. 1997). He may not challenge his confinement to administrative segregation. *Sandin*, 515 U.S. at 473, 115 S.Ct. at 2295. He may not challenge a change in his time earning status, as the Fifth Circuit has specifically held, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [petitioner's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Petitioner represents that his holding conviction of money laundering renders him eligible for mandatory supervised release. It appears, however, petitioner is unable to bring his claims in federal habeas corpus because he did not lose any good-time credits. In line eighteen of the habeas corpus form, petitioner was told to indicate whether he lost any good-time credits as a result of the disciplinary proceeding. Petitioner indicated he had not lost any good-time credits. In the following section for "all other punishment imposed," petitioner indicated he suffered loss of recreation and commissary privileges, confinement in administrative segregation, and a reduction in line class.

The loss of recreation and commissary privileges is not an action challengeable in federal habeas corpus. *See Sandin*, 515 U.S. at 486, 115 S.Ct. at 2301; *Madison*, 104 F.3d at 765. Likewise, petitioner's confinement in solitary confinement or administrative segregation is not redressible in federal habeas corpus. *See Sandin*, 515 U.S. at 473, 115 S.Ct. at 2295. Regarding line classification, the Fifth Circuit has specifically evaluated changes to line classification and held such changes are not challengeable in federal habeas corpus. *See Luken*, 71 F.3d at 193. Consequently, because petitioner did not suffer a loss that might be redressed in federal habeas corpus, the habeas corpus petition must be denied.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition of a writ of habeas corpus filed by petitioner REZA VAFAIYAN be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED this 5th day of August, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).